UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERTON WHITELY,<br><br>    Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>    Defendants. | No. 2:16-cv-1534-GEB-EFB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a motion to extend the discovery deadline. ECF No. 23. For the reasons stated below, the motion is granted.

The scheduling order directed the parties that all requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 were to be served no later than September 29, 2017, and that discovery must be completed by December 1, 2017. ECF No. 21 at 4. The court cautioned that requests to modify the scheduling order would be looked upon with disfavor and must be supported by good cause as required by Fed. R. Civ. P. 16(b). *Id.*

In his motion, plaintiff explains that despite a modified lockdown and limited access to the law library, he timely served his first set of discovery requests on August 23, 2017. ECF No. 23 at 2. Plaintiff received defendants' responses on September 29, 2017 *Id.* Plaintiff served additional discovery requests on October 11, 2017, but defendants advised him that they would not respond to those requests insofar as they were submitted past the September 29 deadline. *Id.*

The court finds that the circumstances of this case warrant making an allowance for the tardy service of plaintiff's second set of discovery requests. As noted above, plaintiff states that circumstances beyond his control, namely a modified lockdown and limited access to the law library, interfered with his ability to timely serve all of his requests. *Id.* at 2. Although plaintiff should have filed an earlier motion for extension of that deadline, the Ninth Circuit has cautioned that "strict time limits . . . ought not to be insisted upon where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (internal quotation marks omitted) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)). Moreover, allowing plaintiff to pursue his discovery requests may facilitate resolution of this action insofar as "[a]n important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed--perhaps paving the way for a summary judgment motion--and which facts must be resolved at trial." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004).

Based on the foregoing, it is ORDERED that plaintiff's motion to extend the discovery deadline (ECF No. 23) is GRANTED. The record indicates that defendants have already been served with plaintiff's October 11, 2017 interrogatories, requests for production, and requests for admissions. ECF No. 23 at 2. Thus, defendants shall respond to these discovery requests within thirty days of the date this order is filed. Plaintiff's motion to compel based on those requests, if any, must be filed within thirty days of his receipt of defendants' responses. Finally, given this modification to the scheduling order, the court will be receptive to requests from either party to extend the dispositive motion deadline.

DATED: November 29, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE