UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVERTON WHITELY,

    Plaintiff,

v.

CDCR, et al.,

    Defendants.

No. 2:16-cv-1534-KJM-EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a motion to compel production of documents. ECF No. 25. Defendants have filed an opposition thereto. ECF No. 29. For the reasons stated below, plaintiff's motion is granted in part.

I.     Legal Standards

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). A responding party is typically not required to conduct extensive research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to

supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

II.    Analysis

There are nineteen requests for production/admission relevant to plaintiff's motion.[1] The court will weigh each in turn.

    A.    Discovery Item Number One

Plaintiff's motion seeks "[t]he C-Facility chapel unlock sign-in sheet for Islamic Taleem Service Schedule for March 11, 2015." ECF No. 25 at 4. Defendant identified two possible discovery requests to which this line might refer:

    1.    The first of these is "[the] C-Facility chapel schedule for Taleem services Islamic Religion for March 1, 2015 through March 31, 2015." ECF No. 29 at 6.

Defendant Baker objected to this request "on the grounds it is vague as to chapel schedule for Taleem services Islamic Religion. Without waiving this objection, Defendant is producing March 2015 C-Facility Chapel Schedule, which includes the schedule for Taleem services."

    2.    The second is "the C-Facility chapel religious Islamic Taleem service sign in sheet dated March 11, 2015, with all the inmates who attend Taleem Services." *Id.* at 7.

Defendant Baker responded to this request by producing "the C-Facility chapel attendance records for March 2015, showing that Taleem class was cancelled on March 11, 2015." *Id.*

Based on the foregoing, the court will deny plaintiff's request. Defendant Baker produced documents responsive to plaintiff's relevant requests. Additionally, Baker states that he is unaware of what plaintiff means by "Unlock Sign-In Sheet." Thus, it does not appear that Baker has any additional responsive documents in his possession.

/////

---

[1] In their opposition, defendants note that "[p]laintiff's motion seeks to compel the production of nineteen items. Plaintiff lists the documents in his motion but does not provide any other information such as where the original request was made or Defendants' response to each request." ECF No. 29 at 6 (internal citations omitted). Nevertheless, defendants have attempted to respond to each of the nineteen items. Absent clear indication of which propounded discovery requests these nineteen items correspond to, the court elects to accept defendants' good faith interpretation of each item.

B. <u>Discovery Item Number Two</u>

Plaintiff seeks "footage of the incident dated January 12, 2016 video-tape footage, when Plaintiff were (sic) attacked by the three (3) inmates." ECF No. 25 at 4. Defendant Baker objected to this request as irrelevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence. ECF No. 29 at 8. Baker did not produce the footage. *Id.*

In his opposition, Baker argues that there is no indication that the video footage of the attack would support plaintiff's claim against him – namely that he ordered the attack in order to retaliate against plaintiff. ECF No. 29 at 8. Baker states that he was not involved in responding to the assault insofar as he was not assigned to the area where the assault occurred. *Id.* Finally, Baker asks, that if he is ordered to produce the video, that the court first conduct an in camera review to determine its relevance. *Id.* at 8-9.

The court will direct defendant Baker to produce the video and make arrangements for plaintiff to view it. His argument regarding the irrelevance of the video is unpersuasive. In the Ninth Circuit a First Amendment retaliation claim in the prison context requires "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005). The proper inquiry for whether the act chilled the inmate's exercise of his right is "whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999) (quoting *Crawford-El v. Britton*, 93 F.3d 813, 826 (D.C. Cir. 1996) *vacated on other grounds*, 523 U.S. 1273 (1997)). Thus, the severity of the assault – which presumably the video would shed light on – is relevant to plaintiff's retaliation claim against Baker.

Having found the video directly relevant to an aspect of plaintiff's retaliation claim, the court declines to conduct an in camera review of the video. Defendant Baker, through his counsel, shall make arrangements for plaintiff to view the video.

/////

C.      Discovery Item Number Three

Plaintiff seeks "[the] C-Facility chapel schedule [for] all inmates on the list for Islamic Taleem Service on March 11, 2015." ECF No. 25 at 4. Defendant Baker identifies[2] this request as pertaining to the request for production which sought "[the] C-Facility Chapel religious Islamic Taleem service schedule master-sheet dated on March 11, 2015." ECF No. 29 at 9. Baker objected to this request as vague with respect to the definition of "master-sheet." *Id.* Without waiving his objection, however, he states that he does not have any responsive documents.

The court agrees that plaintiff's request was vague. And the court accepts Baker's contention that he does not have any documents that are relevant to this request as it is stated. He must, however, through his counsel and within fourteen days of the date of this order provide plaintiff with verification describing the search for the documents that was conducted and signed under penalty of perjury by the individual that conducted the search.

Plaintiff's request is denied.

D.      Discovery Item Number Four

In his motion plaintiff seeks "[t]he video tape footage of the March 11, 2015 when [plaintiff] was denied access to attend Islamic Taleem Service." ECF No. 25 at 4. Defendant Baker identified two requests for admission relevant to this request. ECF No. 29 at 10.

1.      The first of these is "[p]lease admit that [the] C-Facility yard [has] camera[s] on all the building[s] facing the yard." *Id.* Defendant Baker objected to this request as "irrelevant information not reasonably likely to lead to the discovery of admissible evidence." *Id.* Without waiving that objection, Baker denied that all of C-Facility buildings had yard facing cameras. *Id.*

2.      The second is "[p]lease admit that a video camera is on the C-Facility gym building facing the C-Facility chapel and the chapel is right next to the gym and the bleachers is right across the chapel and gym." *Id.* Baker objected to this request as compound and vague. *Id.* Notwithstanding those objections, he admitted that: (1) the C-Facility gym building has a

---

[2] Defendant Baker also notes that the request may pertain to plaintiff's request for the chapel sign in sheet from March 11, 2015. ECF No. 29 at 9. Baker produced chapel attendance records in response to this request. *Id.* Thus, to the extent plaintiff's motion seeks to invoke this request, the court finds that Baker discharged his discovery obligations.

camera facing the chapel; (2) the chapel is next to the gym; and (3) the bleachers are across the from the chapel and gym. *Id.*

In his opposition, Baker argues that he should not be compelled to provide any video of plaintiff's purported denial to the chapel in March of 2015 because plaintiff did not request that document in his discovery requests. *Id.* at 10-11. The court agrees. On November 29, 2017, the court extended the discovery deadline for the *limited* purpose of directing defendants to respond to plaintiff's October 2017 discovery requests. ECF No. 24. A motion to compel based on the October requests is not an appropriate venue to propound new requests, particularly where discovery is already closed. Thus, this request is denied.

### E. Discovery Item Number Five

Plaintiff seeks "[t]he 602 filed by inmate Mootry T-79915 regarding staff denied the Muslim brothers to attend Islamic religious service on C-Facility chapel." ECF No. 25 at 4. Defendant Baker objected to this request as seeking irrelevant information and documents containing confidential information about other inmates. ECF No. 29 at 11.

The court finds that this document is relevant to plaintiff's claim that he was denied access to an Islamic religious service. Whether another inmate made a similar claim on the same date clearly bears on that allegation. The court will, however, grant defendant Baker's request to redact any confidential and private information about other inmates, including: (1) names; (2) classification levels; (3) housing; (4) medical information; and (5) any other sensitive information whose disclosure could compromise inmate or facility safety and security.

### F. Discovery Item Number Six

Plaintiff's motion seeks "[t]he C-Facility recreation yard schedule date on March 11, 2015." ECF No. 25 at 4. Defendant Baker has identified the actual discovery request as seeking the production of "[the] C-Facility yard schedule at CSP-Sac from January 1, 2015, through January 1, 2016." ECF No. 29 at 12. Defendant Baker objected to this request as vague with regard to "yard schedule." *Id.* In his opposition, Baker states that a number of programs are held on the yard each day and it is unclear which aspect of the schedule plaintiff seeks. *Id.* He also
/////

5

1  contends that the request is overly broad insofar as it requests all schedules for an entire year,

2  when the relevant claim relates only to a single date in March of 2015. *Id.*

3  The court will uphold Baker's objections. Plaintiff's actual discovery request – that is, not

4  the amended one in his motion to compel - is overbroad as to time and which aspect of the yard

5  schedule he actually seeks. As noted above, the court will weigh only the discovery requests that

6  were actually propounded rather than the new ones in his motion to compel.

7        G.      Discovery Item Number Seven

8  Plaintiff's motion seeks a response to an interrogatory "which state[s] . . . in as much

9  detail as possible the complet (sic) response you Baker . . . wrote on a CDCR-22 form section –B

10 [plaintiff sent to you] on 3-25-15." ECF No. 25 at 4-5. Baker has identified the relevant

11 interrogatory as: "describe in as much detail as possible the complet (sic) response you have

12 wrote (sic) on a CDCR-22 form section-B [which plaintiff sent to you] on 3-25-15 regarding [the

13 denial] to the C-Facility chapel by you and Officer Calderon on 3-11-15." ECF No. 29 at 13.

14 Baker objected on the basis that "the document speaks for itself and that it assumes facts,

15 i.e., that Defendant Baker wrote a response to Plaintiff's Form 22." *Id.* Without waiving those

16 objections, Baker stated that "it appears staff did not respond to Plaintiff's Form 22 submitted on

17 March 25, 2015, regarding the alleged denial of access to C Facility chapel by Defendant baker

18 and Calderon on March 11, 2015." *Id.*

19 The court will sustain Baker's objections. He has already produced the document in

20 question and stated that staff did not respond to it. Thus, there is no further response to compel.

21       H.      Discovery Item Number Eight

22 Plaintiff's motion seeks "with regard [to] interrogatories set (3) No. 1 I need defendant to

23 [be] more clear in his answer did he or not." ECF No. 25 at 5. Defendant Baker has identified

24 the relevant interrogatory as "[p]lease describe in as much detail as possible the reason why

25 Lieutenant Engellener did not responses (sic) to the CDCR 22 form plaintiff had submitted to him

26 regarding the denied access to attend Islamic Taleem service on March 11, 2015 by you and

27 defendant Calderon but instead he forward (sic) the CDCR 22 Form to you." ECF No. 29 at 13.

28 Baker objected to this request as vague and ambiguous and calling for speculation. *Id.* at 14.

6

1  Without waiving those objections, Baker stated that he did not know why Engellener did not
2  respond to plaintiff's Form 22 or why he might have forwarded the form to defendant. *Id.*
3      The court will sustain defendant's objections. Baker has already stated that he does not
4  have the information that plaintiff seeks. If he has not already done so he must provide, through
5  his counsel and within fourteen days of the date of this order, plaintiff with a verification signed
6  under penalty of perjury which verifies that this assertion is true.
7      There is no further response to compel.
8      I.    <u>Discovery Item Number Nine</u>
9      Plaintiff's motion seeks "[h]as (sic) to interrogatories set (3) No. 3 I need the defendant to
10 answer the question." ECF No. 25 at 5. Defendant Baker has identified the relevant interrogatory
11 as "[p]lease describe in as much detail as possible the omitted regarding any of the incident dated
12 March 11, 2015 and January 12, 2016." ECF No. 29 at 14. Baker objected to this request as
13 vague in its entirety, especially with respect to "the omitted," and was unable to respond the
14 interrogatory on that basis. *Id.*
15     The court will sustain Baker's objections. It is entirely unclear from plaintiff's
16 interrogatory what "omitted" material he is referring to.
17     J.    <u>Discovery Item Number Ten</u>
18     Plaintiff seeks "[w]ith regard to admissions set (2) No. 2, I need the defendant to admit to
19 that admissions [sic] because he had responded to the CDCR 22-Form on 4-4-15." ECF No. 25 at
20 5. Defendant Baker has identified the relevant request for admission as "[p]lease admit that on
21 April 4, 2015 you had responded to a CDCR 22 form regarding the denied of plaintiff access to
22 the C-Facility chapel to attend Islamic Taleem services on March 11, 2015." ECF No. 29 at 14.
23 Defendant Baker stated that he was without sufficient information, knowledge, or belief to admit
24 or deny this request for admission and denied it on that basis. *Id.* at 15.
25     The court will not compel defendant to supplement this response. He has already stated
26 that he is without sufficient knowledge to admit to the foregoing and the court accepts this
27 statement as true. Additionally, in the opposition, Baker's counsel states that she inquired with
28 /////

the relevant litigation coordinator and no Form 22 matching plaintiff's description could be located. *Id.*

K.      Discovery Item Number Eleven

Plaintiff's motion seeks "admissions set (2) No. 3 I need the defendant to admit to that admission because he know (sic) Islami Taleem Service was held on that day March 11, 2015." ECF No. 25 at 5. Defendant Baker has identified the relevant request for admission as "[p]lease admit that on March 11, 2015 Islamic Taleem services were held in the C-Facility chapel." ECF No. 29 at 15. Baker stated that he did not specifically recall the events of March 11, 2015 and was, therefore, without independent knowledge to admit or deny this request. *Id.* He noted, however, that records indicated that Taleem class was cancelled on that date. *Id.* Based on that information, Baker denied that Taleem services were held at all on March 11, 2015. *Id.*

The court will not compel a further response to this request for admission. Baker has stated that he does not recall the events of that day. He shall provide to plaintiff within fourteen days of the date of this order a verification, signed under penalty of perjury, that this response is true (if he has not already done so). And he went on to deny the request based on documentary evidence. It is unclear what further admission plaintiff could reasonably hope to compel.

L.      Discovery Item Number Twelve

Plaintiff's motion states "[t]he interrogatories set (1) No. 2 I need the defendant to answer the question." ECF No. 25 at 5. Defendants have identified two possible interrogatories that this request might refer to:

1.      The first of these, directed at defendant Baker, is "[p]lease describe in as much detail as possible the training you have received while working at CSP-Sac on rule, regulation of adult operation and program." ECF No. 29 at 16. Baker objected to the interrogatory as being vague as to "rule," "regulation," "adult operation," and "program." *Id.* He also objected to the interrogatory as overly broad as to time and subject matter, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. *Id.* Without waiving those objections, Baker stated that he "receives regular, ongoing in-service training which covers a variety of

/////

8

topics." *Id.* He also stated that "staff are expected to familiarize themselves and comply with Title 15, which contains the department's rules and regulations." *Id.*

  2. The second interrogatory, directed to defendant Calderon, asks "[p]lease describe in [as] much detail as possible the complet (sic) circumstances surrounding your omissions on March 11, 2015." *Id.* Calderon objected to the interrogatory as vague and ambiguous, particularly with respect to "circumstances" and "omissions." *Id.* He stated that he could not infer from what plaintiff meant by "omissions" and was therefore unable to answer. *Id.*

  The court finds that defendants' answers to both interrogatories were adequate. Baker answered the first interrogatory by stating that he received regular training on various topics. This answer might be vague, but plaintiff's interrogatory, which sought information on training concerning the regulation of "adult operation and program," was non-specific itself. And the court, like defendant Calderon, is unable to make sense of the second interrogatory. It is entirely unclear what specific omissions plaintiff is seeking information about.

  M. <u>Discovery Item Number Thirteen</u>

  Plaintiff's motion states "[t]he interrogatories set (1) No. 6 I need the defendant to answer the question." ECF No. 25 at 5. Defendants have identified two possible interrogatories that this request might refer to:

  1. The first of these, directed at defendant Baker, is "[p]lease identify any inmate by name and CDC number affiliation that were among the group of inmates you had escorted to the C Facility chapel on March 11, 2015 to attend Islamic Religion Service." ECF No. 29 at 17. Baker objected to this request as vague, irrelevant and not calculated to lead to admissible evidence. *Id.* Without waiving his objections, he stated that he did not specifically recall escorting any inmates to the chapel on that date. *Id.* Additionally, Baker stated that "because C Facility was a general population yard at the time, Defendant likely did not 'escort' any inmates to the C Facility chapel, because inmate movement generally did not require staff escort." *Id.*

  2. The second interrogatory, directed to defendant Calderon, asked "[p]lease identify all officials responsible for formulating, implementing and monitoring compliance with policies, procedures and practices described in response to interrogatory #4." *Id.* Calderon objected to

9

the interrogatory as vague, overly broad, burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. *Id.* Notwithstanding those objections, he stated that the Warden is generally responsible for implementing the "DOM" and supervisors were responsible for ensuring that staff complied therewith. *Id.* Calderon stated that he could not answer as to chapel attendance specifically because there was no formal written policy on that practice. *Id.*

The court will not compel further response to either of these interrogatories. Despite their objections, both defendants offered complete answers and it is unclear what further information plaintiff could reasonably seek to compel.

### N. Discovery Item Number Fourteen

Plaintiff's motion seeks "the master pass list for the schedule [of the] Islamic Taleem Service on March 11, 2015. As you mention in your response in interrogatories set (1) No. 5 Defendant Baker." ECF No. 25 at 5. In the opposition, defendant Baker asks the court to deny this request on the basis that plaintiff never requested it in his original discovery requests. ECF No. 29 at 18. The court agrees and denies this request on that basis. As noted *supra*, discovery was extended only for the limited purpose of directing defendants to respond to discovery requests that had already been propounded. New requests, especially those raised for the first time in a motion to compel, will not be considered.

### O. Discovery Item Number Fifteen

Plaintiff's motion seeks "[t]he interrogatories set (1) No. 8 I need the defendant Baker to answer my question because he know [sic] the meaning of the word omission." ECF No. 25 at 5-6. Defendant Baker has identified the corresponding interrogatory as "[p]lease describe in as much detail as possible the complet [sic] circumstances surrounding your omissions on March 11, 2015." ECF No. 29 at 18. Baker objected to this request as vague, ambiguous, especially with respect to "circumstances" and "omissions." *Id.* He went on to state that he did not understand what plaintiff meant by "omissions" and was unable to answer the request on that basis. *Id.*

/////

/////

The court will not compel a further response to this interrogatory. Baker has already stated that he did not understand the reference to "omissions" and, as he notes in his opposition, plaintiff has not elaborated on that term in his motion.

### P. Discovery Item Number Sixteen

Plaintiff's motion seeks "[w]ith regard [to] production of documents set (1) No. 5 five for defendant Baker in his response he admitted Taleem class was schedule[d] at 11:00 a.m. on March 11, 2015." ECF No. 25 at 6. In their opposition, defendants ask the court to deny this request insofar as it does not appear to contain a request for any further production of either documents or responses. ECF No. 29 at 19. The court agrees and will deny this request on that basis. It is not clear what further disclosure, if any, plaintiff seeks by way of this "request."

### Q. Discovery Item Number Seventeen

Plaintiff's motion seeks "[t]he set (1) one No. 17 admission I need Defendant Baker to admit or deny." ECF No. 25 at 6. The relevant request for admission is "[p]lease admit that in as much detail as possible the complete circumstances surrounding your omissions on March 11, 2015." ECF No. 29 at 19. Defendant Baker objected to this request as unintelligible. *Id.* In his opposition defendant Baker reiterates that the request is unintelligible and should be denied on that basis. *Id.*

The court agrees. As noted above, plaintiff has failed to make clear what he means by "omission" and Baker cannot reasonably be expected to answer this request in light of its inscrutability.

### R. Discovery Item Number Eighteen

Plaintiff's motion states "[w]ith regard [to] request for admission set one no. 19 I need defendant Baker to answer the question." ECF No. 25 at 6. The relevant request for admission is "[p]lease admit that you had no proper reason why you could not let plaintiff into the C-Facility chapel when he first asked you and you denied him, stated that he must wait at the bleachers." ECF No. 29 at 19. Baker objected to this request as unintelligible, vague, and ambiguous. *Id.* Without waiving those objections, Baker contended that, if he denied plaintiff access to the chapel for any reason, it was for a legitimate reasons. *Id.* He denied the request on that basis. *Id.*

The court will not compel any further response to this request. Defendant Baker denied this request and offered a rationale for doing so. Nothing more is mandated.

S. Discovery Item Number Nineteen

Plaintiff's motion seeks "[w]ith regard [to] set one (1) admission No. 1 I need the defendant Calderon to clearlify (sic) his answer did he deny me access to the C-Facility chapel because Taleem service was cancelled or because to maintain consistence and security." ECF No. 25 at 6. Defendant Calderon identified the relevant request for admission as "[p]lease admit that on March 11, 2015 you had denied plaintiff access to C-Facility yard chapel to attend Islamic religion services for no other reason that the authority of your job." ECF No. 29 at 20. Calderon objected to this request as compound, vague, and ambiguous. *Id.* Without waiving those objections, he stated that he did not recall denying plaintiff access to the chapel on March 11, 2015. *Id.* Further, "[a]ccording to the first level response of Plaintiff's inmate grievance (Appeal Log # SAC-C-15-0118) submitted on this issue, the response provides that 'on several occasions, after being instructed to wait at the bleachers for chapel services, [Plaintiff] left the bleacher area only to show up after the chapel inline request to get in. To maintain consistency and security, Officer D. Calderon denied [Plaintiff] access.'" *Id.*

The court will not compel a further response. Defendant Calderon has offered a complete response to the request for admission. It is unclear what aspect of the response requires or could be clarified.

III. Motion for Sanctions

Plaintiff seeks sanctions against defendants based on their failure to cooperate in discovery. ECF No. 25 at 3-4, 6. The court declines to sanction defendants. Plaintiff's motion to compel was only partially successful. *See, e.g., Nalco Chemical Co., v. Hydro Technologies, Inc.*, 148 F.R.D. 608, 617 (E.D. Wis., 1993) (parties appropriately bear own costs where motion to compel was only partially successful). Additionally, there is no indication, despite plaintiff's conclusory statements to the contrary, that defendants acted in bad faith during the discovery process.

/////

## IV. Conclusion

Based on the foregoing, it is ORDERED that plaintiff's motion to compel (ECF No. 25) is GRANTED IN PART as follows:

1. Defendants' counsel shall make arrangements for plaintiff to view the January 12, 2016 video tape footage of plaintiff being attacked by other inmates;

2. Defendants shall provide plaintiff with the "602 filed by inmate Mootry T-79915 regarding staff denied the Muslim brothers to attend Islamic religious service on C-Facility chapel." They may redact any information therein which might impinge on the privacy of that inmate or which might compromise inmate or facility safety and security;

3. Defendant, through his counsel, shall provide verifications signed under penalty of perjury as directed by this order with respect to discovery items three, eight, and eleven; and

4. Plaintiff's motion is denied in all other respects.

DATED: June 28, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE